FILED by ___ D.C.
ELECTRONIC

**APR 01, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 08-20270-CR-MORENO/TORRES
Case No.

18 U.S.C. § 371
18 U.S.C. § 1349
18 U.S.C. § 287
18 U.S.C. § 2
18 U.S.C. § 1623
18 U.S.C. § 982

**UNITED STATES OF AMERICA**

vs.

**MARIELA RODRIGUEZ,**
**AISA PERERA,**
**BEATRIZ DELGADO,**
**ANA ALVAREZ,**
**ANGEL RODRIGUEZ,**
**SANDRA MATEOS,**
and
**CARMEN GONZALEZ,**

                         **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to this Indictment,

1.      The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.    "Part B" of the Medicare Program paid Medicare providers and suppliers for covered goods and services, including Human Immunodeficiency Virus ("HIV") infusion therapy, that were provided and ordered by physicians, clinics, and other qualified health care providers. Medicare Part B for HIV infusion therapy was administered in Florida by First Coast Service Options, a company that contracted with CMS to receive, adjudicate, process, and pay certain Part B claims.

4.    Payments under the Medicare Program were often made directly to a provider of the goods or services, rather than to the beneficiary.  This occurred when the provider accepted assignment of the right to payment from the beneficiary.  In that case, the provider submitted the claim to Medicare for payment, either directly or through a billing company.

5.    Physicians, clinics, and other health care providers that provided services to Medicare beneficiaries were able to apply for and obtain a "provider number."  A health care provider who was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries.  A Medicare claim was required to set forth, among other things, the beneficiary's name and Medicare information number, the services that had been performed for the beneficiary, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who had ordered the services.

6.    Saint Jude Rehab Center, Inc. ("Saint Jude") was a Florida corporation, purportedly doing business at 330 S.W. 27th Avenue, Suite 402, Miami, Florida.  Saint Jude was a medical clinic that purported to specialize in treating patients with HIV by providing infusion therapy.  The name Saint Jude in religion refers to the patron saint of lost causes.

7.    Defendant **MARIELA RODRIGUEZ**, a resident of Miami-Dade County, Florida, was responsible for opening and administering Saint Jude.

8.    Defendant **AISA PERERA**, a resident of Miami-Dade County, Florida, was responsible for opening and administering Saint Jude.

9.    Defendant **BEATRIZ DELGADO**, a resident of Miami-Dade County, Florida, was

2

a receptionist at St. Jude, but was listed in the official corporate records as the president and registered agent of St. Jude.

10.     Defendant **ANA ALVAREZ**, a resident of Miami-Dade County, Florida, was a medical doctor who was employed at Saint Jude.

11.     Defendant **ANGEL RODRIGUEZ**, a resident of Miami-Dade County, Florida, was a medical assistant at Saint Jude.

12.     Defendant **SANDRA MATEOS**, a resident of Miami-Dade County, Florida, was a nurse at Saint Jude.

13.     Defendant **CARMEN GONZALEZ**, a resident of Miami-Dade County, Florida, was a nurse at Saint Jude.

14.     Orestes Alvarez-Jacinto was a medical doctor who was employed by Saint Jude, and served as Medical Director at the clinic.

15.     Co-conspirator 1 ("CC-1") and his two brothers were the owners of Saint Jude and provided the funds to establish to open Saint Jude as a medical clinic.

16.     Co-conspirator 2 ("CC-2") was a physician's assistant at Saint Jude.

17.     From in or about June 2003 through in or about November 2003, Saint Jude submitted claims to Medicare under the provider numbers of **ANA ALVAREZ** and Orestes Alvarez-Jacinto, which were 26215A and 50598, respectively.

3

## COUNT 1

### Conspiracy to Defraud the United States, to Cause the Submission of False Claims, and to Pay Health Care Kickbacks
### (18 U.S.C. § 371)

1.      Paragraphs 1 through 17 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      From in or around April 2003, through in or around November 2003, the exact dates being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIELA RODRIGUEZ,**
**AISA PERERA,**
**BEATRIZ DELGADO,**
**ANA ALVAREZ,**
**ANGEL RODRIGUEZ,**
**SANDRA MATEOS,**
**and**
**CARMEN GONZALEZ,**

and others known and unknown to the Grand Jury did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is,

      a.      to defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare program;

      b.      to make and present claims upon and against the United States Department of Health and Human Services, a department and agency of the United States, for purportedly medically necessary HIV infusion therapy medications, knowing such claims to be false, fictitious, and fraudulent, in violation of Title 18, United States Code, Section 287;

4

c.  to knowingly and willfully offer and pay any remuneration, including cash kickbacks and bribes, directly and indirectly, overtly and covertly, to any person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by Medicare, and to induce such person to purchase, lease, order, and arrange for and recommend purchasing, leasing, and ordering any good, service, and item for which payment may be made in whole and in part by Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2).

## PURPOSE OF THE CONSPIRACY

3.  It was a purpose of the conspiracy for **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ, ANGEL RODRIGUEZ, SANDRA MATEOS, CARMEN GONZALEZ,** and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting false and fraudulent claims to Medicare; (b) offering and paying cash kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for HIV infusion therapy; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, the payment of kickbacks, and the true owners of Saint Jude; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things:

4.  **MARIELA RODRIGUEZ** and **AISA PERERA** would incorporate Saint Jude in the State of Florida, but list **BEATRIZ DELGADO**, Saint Jude's receptionist, as president and registered agent of Saint Jude in corporate records filed with the State of Florida.

5.  **MARIELA RODRIGUEZ** and **AISA PERERA** would hire co-conspirator Orestes

Alvarez-Jacinto and **ANA ALVAREZ** and use a medical biller to make it appear that Saint Jude was a legitimate HIV infusion clinic providing bona-fide therapy.

6.     **MARIELA RODRIGUEZ, AISA PERERA,** and **BEATRIZ DELGADO** would withdraw cash from Saint Jude's bank account and would give that cash to **ANGEL RODRIGUEZ, SANDRA MATEOS** and **CARMEN GONZALEZ,** for the purpose of paying cash kickbacks to HIV patients who were Medicare beneficiaries.

7.     **ANGEL RODRIGUEZ, SANDRA MATEOS,** and **CARMEN GONZALEZ** would pay HIV patients who were Medicare beneficiaries cash kickbacks of approximately $100-$150 per visit, in return for the patients signing logs at Saint Jude stating that they had received the treatments that were billed to Medicare.

8.     **ANA ALVAREZ** and co-conspirator Orestes Alvarez-Jacinto would meet with CC-2, who was employed as a physician's assistant at Saint Jude and who explained how **ANA ALVAREZ** and co-conspirator Alvarez-Jacinto should order unnecessary tests, sign medical analysis and diagnosis forms, and authorize treatments to make it appear that legitimate medical services were being provided to HIV patients who were Medicare beneficiaries.

9.     **ANA ALVAREZ, ANGEL RODRIGUEZ,** and co-conspirator Orestes Alvarez-Jacinto would meet with HIV patients who were Medicare beneficiaries and order tests, sign medical analysis and diagnosis forms, and authorize treatments, without regard to medical necessity.

10.    **ANA ALVAREZ** and co-conspirator Orestes Alvarez-Jacinto would sign superbills that contained false information about services allegedly provided at Saint Jude to HIV patients who were Medicare beneficiaries.

11.    **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ,** and co-conspirator Orestes Alvarez-Jacinto would cause the submission of approximately $11 million of false and fraudulent claims to Medicare under the provider numbers of **ANA ALVAREZ** and co-conspirator Alvarez-Jacinto, seeking reimbursement for the costs of infusions, injections, and other treatments that were not medically necessary, and infusion,

6

injections, and other treatments that were not actually provided.

12.    **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ,** and co-conspirator Orestes Alvarez-Jacinto would cause Medicare to pay approximately $8 million on the fraudulent claims submitted under the provider numbers of **ANA ALVAREZ** and co-conspirator Alvarez-Jacinto, and would then cause the transfer of those funds into a bank account maintained by Saint Jude.

13.    After the payments from Medicare were deposited into the Saint Jude bank account, **MARIELA RODRIGUEZ** and **AISA PERERA** would cause the transfer of approximately $1.5 million to **MARIELA RODRIGUEZ,** approximately $1.5 million to **AISA PERERA,** approximately $100,000 to **ANA ALVAREZ,** and approximately $12,000 to **BEATRIZ DELGADO**.

14.    After the payments from Medicare were transferred into the Saint Jude bank account, **MARIELA RODRIGUEZ** and **AISA PERERA** would transfer approximately $4 million to "marketing" and "management" companies, as directed by CC-1 and his/her associates.

15.    In addition to paying **BEATRIZ DELGADO** approximately $12,000 for her services as a receptionist, **MARIELA RODRIGUEZ** and **AISA PERERA** would make approximately $30,000 in payments to **BEATRIZ DELGADO** from their personal bank accounts, in return for **DELGADO's** agreement to be listed as the president and registered agent of Saint Jude in corporate records filed with the State of Florida.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the conspirators committed and caused to be committed, at Miami-Dade County, in the Southern District of Florida and elsewhere, the following overt acts, among others:

1.    On or about April 22, 2003, **MARIELA RODRIGUEZ, AISA PERERA** and **BEATRIZ DELGADO** caused to be filed Articles of Incorporation in the State of Florida for Saint Jude, listing **DELGADO** as the nominee president and registered agent of Saint Jude.

7

2.       On or about August 11, 2003, **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO,** and **ANA ALVAREZ** submitted a claim to the Medicare program for 300 units of Rho(D) immune globulin allegedly provided to Medicare beneficiary M.A.

3.       On or about August 11, 2003, **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO,** and **ANA ALVAREZ** submitted a claim to the Medicare program for 300 units of Rho(D) immune globulin allegedly provided to Medicare beneficiary R.L.

4.       On or about August 11, 2003, **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO,** and **ANA ALVAREZ** submitted a claim to the Medicare program for 300 units of Rho(D) immune globulin allegedly provided to Medicare beneficiary C.W.

5.       On or about August 22, 2003, **MARIELA RODRIGUEZ, AISA PERERA,** and **BEATRIZ DELGADO** submitted a claim to the Medicare program for 300 units of Rho(D) immune globulin allegedly provided to Medicare beneficiary P.A.

All in violation of Title 18, United States Code, Section 371.

8

## COUNT 2

### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

1.      Paragraphs 1 through 17 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      From in or around April 2003, through in or around November 2003, the exact dates being unknown to the Grand Jury, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIELA RODRIGUEZ,**
**AISA PERERA,**
**BEATRIZ DELGADO,**
**ANA ALVAREZ,**
**ANGEL RODRIGUEZ,**
**SANDRA MATEOS**
**and**
**CARMEN GONZALEZ,**

did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### PURPOSE OF THE CONSPIRACY

3.      It was a purpose of the conspiracy for **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ, ANGEL RODRIGUEZ, SANDRA MATEOS, CARMEN GONZALEZ** and their co-conspirators to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying cash kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for

9

HIV infusion therapy; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, the payment of kickbacks, and the true owners of Saint Jude; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## MANNER AND MEANS

4.      The allegations in Paragraphs 4 through 15 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated as though fully set forth herein as a description of the Manner and Means of this conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 3-6

### Submission of False Claims
### (18 U.S.C. §§ 287 and 2)

1.      Paragraphs 1 through 17 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below, at Miami-Dade County, in the Southern District of Florida, the defendants,

**MARIELA RODRIGUEZ,**
**AISA PERERA,**
**BEATRIZ DELGADO,**
**and**
**ANA ALVAREZ,**

and others did make and present to a person or officer in the civil, military, and naval service of the United States, and to a department and agency thereof, the following claims upon and against the United States Department of Health and Human Services, a department and agency of the United States, knowing such claims to be false, fictitious, and fraudulent:

10

| Count | Defendants | Medicare Beneficiary | On or about Claim Date | Description of Outpatient Service | Approximate Amount Paid by Medicare |
|---|---|---|---|---|---|
| 3 | MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ | M.A. | 8/11/2003 | 300 units of Rho(D) immune globulin | $4,932 |
| 4 | MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ | R.L. | 8/11/2003 | 300 units of Rho(D) immune globulin | $4,932 |
| 5 | MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ | C.W. | 8/11/2003 | 300 units of Rho(D) immune globulin | $4,932 |
| 6 | MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO | P.A. | 8/22/2003 | 300 units of Rho(D) immune globulin | $4,932 |

In violation of Title 18, United States Code, Sections 287 and 2.

## COUNT 7

### False Declarations Before a Grand Jury
### (18 U.S.C. § 1623)

1.      On or about June 14, 2004, **MARIELA RODRIGUEZ** was served with a subpoena to testify before a grand jury in the Southern District of Florida. At the time and place aforesaid the grand jury was conducting an investigation to determine whether, among others, violations of Title 18, United States Code, Sections 287 and 1347, and Title 42, United States Code, Section 1320a-7b had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to the said investigation that the grand jury ascertain if **MARIELA RODRIGUEZ** knew that patients at Saint Jude were receiving kickbacks

11

in return for coming to Saint Jude for treatment.

　　　2.　　　On or about July 6, 2004, at Miami-Dade County, in the Southern District of Florida, the defendant,

## MARIELA RODRIGUEZ,

having taken an oath to testify truthfully in a proceeding before a grand jury of the United States, did knowingly make the following false material declaration to a grand jury:

> Q.　　Do you know if patients were getting paid kickbacks?
>
> A.　　<u>I don't know</u>.
>
> Q.　　Were patients getting paid any sort of money to come to St. Jude?
>
> A.　　<u>Not in front of me</u>.
>
> Q.　　Well, do you know - were they getting paid money but it wasn't in front of you, do you know that?
>
> A:　　<u>No, I don't</u>.
>
> 　　　. . . .
>
> Q:　　You don't know if patients were getting recruited off the street and paid kickbacks, you have no knowledge of that?
>
> A:　　<u>I have no knowledge of that</u>.

　　　3.　　　The aforementioned testimony by **MARIELA RODRIGUEZ,** as she then and there well knew and believed, was a false material declaration, in that **MARIELA RODRIGUEZ** knew that patients at Saint Jude were regularly receiving kickbacks and, in fact, were agreeing to receive treatment at Saint Jude for the purpose of receiving cash kickbacks.

　　　In violation of Title 18, United States Code, Section 1623.

## <u>CRIMINAL FORFEITURE</u>
### (18 U.S.C. § 982)

　　　1.　　　The allegations contained in Counts 1 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the

United States of America of certain property in which the defendants, **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ, ANGEL RODRIGUEZ, SANDRA MATEOS,** and **CARMEN GONZALEZ** have an interest in pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

    2.    Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of defendants **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ, ANGEL RODRIGUEZ, SANDRA MATEOS,** and **CARMEN GONZALEZ,** for any of the offenses charged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense or any property real or personal which was involved in the offense or any property traceable to such property. Such forfeiture shall include, but not be limited to:

    (a)    a money judgment in the amount of $8,289,286, which represents the gross proceeds of the fraud;

    (b)    funds on deposit and interest accrued thereto at defendant **MARIELA RODRIGUEZ**'s bank accounts at Intercredit Bank, including accounts *********1806 and *********8707;

    (c)    funds on deposit and interest accrued thereto at defendant **MARIELA RODRIGUEZ**'s bank account at Ocean Bank, account number ******8108;

    (d)    funds on deposit and interest accrued thereto at defendant **AISA PERERA**'s bank accounts at Intercredit Bank, including accounts *********7607 and *********8307;

    (e)    funds on deposit and interest accrued thereto at defendant **AISA PERERA**'s bank accounts at Ocean Bank, including accounts ******4106 and ******6508; and

    (f)    funds on deposit and interest accrued thereto at defendant **ANA**

13

ALVAREZ's bank account at Union Planters Bank, account number ******7312.

3.     If the property described above as being subject to forfeiture, as a result of any act or omission of defendants **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ, ANGEL RODRIGUEZ, SANDRA MATEOS,** and **CARMEN GONZALEZ,**

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to or deposited with a third person;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable through Title 18, United States Code, Section 928(b)(1), to seek forfeiture of any other property of defendants **MARIELA RODRIGUEZ, AISA PERERA, BEATRIZ DELGADO, ANA ALVAREZ, ANGEL RODRIGUEZ, SANDRA MATEOS,** and **CARMEN GONZALEZ** up to the value of the above forfeitable property.

14

All pursuant to Title 18, United States Code, Section 982(a)(7) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

KIRK OGROSKY
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

HANK BOND WALTHER
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

MARIELA RODRIGUEZ, et al.,

                  **Defendants.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

  **X**  Miami  _____  Key West
  _____  FTL  _____  WPB  _____  FTP

New Defendant(s)      Yes _____ No _____
Number of New Defendants
Total number of counts

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:    (Yes or No)    __Yes__
        List language and/or dialect    __Spanish__

4.    This case will take  __6-10__  days for the parties to try.

5.    Please check appropriate category and type of offense listed below:
    (Check only one)               (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | X | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | _____ | | |

6.    Has this case been previously filed in this District Court? (Yes or No)  __No__
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)  __No__
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____  District of _____

Is this a potential death penalty case? (Yes or No)    __No__

7.    Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? _____ Yes  __X__ No

8.    Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _____ Yes  __X__ No
If yes, was it pending in the Central Region?  _____ Yes  _____ No

9.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes  __X__ No

10.    Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? _____ Yes  __X__ No

11.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes  __X__ No

_____
HANK BOND WALTHER
Court Identification Number A5501101
United States Department of Justice
Criminal Division, Fraud Section

*Penalty Sheet(s) attached                  REV.9/11/07

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** Mariela Rodriguez

**Case No:**

Count: 1

Conspiracy to Defraud the United States, to Cause the Submission of False Claims, and to Pay Health Care Kickbacks

18 U.S.C. § 371

**\*Max. Penalty:** 5 years of imprisonment
================================================================
Count: 2

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 10 years of imprisonment
================================================================
Counts: 3-6

Submission of False Claims

18 U.S.C. § 287

**\*Max. Penalty:** 5 years of imprisonment as to each count
================================================================
Count: 7

False Declarations Before a Grand Jury

18 U.S.C. § 1623

**\*Max. Penalty:** 5 years of imprisonment
================================================================

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** Aisa Perero

**Case No:**

Count: 1

Conspiracy to Defraud the United States, to Cause the Submission of
False Claims, and to Pay Health Care Kickbacks

18 U.S.C. § 371

**\*Max. Penalty:** 5 years of imprisonment
=================================================================
Count: 2

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 10 years of imprisonment
=================================================================
Counts: 3-6

Submission of False Claims

18 U.S.C. § 287

**\*Max. Penalty:** 5 years of imprisonment as to each count
=================================================================
Count:

_____

_____

**\*Max. Penalty:**
=================================================================

        **\*Refers only to possible term of incarceration, does not
        include possible fines, restitution, special assessments,
        parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** Beatriz Delgado

**Case No:**

Count: 1

Conspiracy to Defraud the United States, to Cause the Submission of
False Claims, and to Pay Health Care Kickbacks

18 U.S.C. § 371

**\*Max. Penalty:** 5 years of imprisonment
================================================================
Count: 2

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 10 years of imprisonment
================================================================
Counts: 3-6

Submission of False Claims

18 U.S.C. § 287

**\*Max. Penalty:** 5 years of imprisonment as to each count
================================================================
Count:

**\*Max. Penalty:**
================================================================

**\*Refers only to possible term of incarceration, does not
include possible fines, restitution, special assessments,
parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** Ana Alvarez

**Case No:**

Count: 1

Conspiracy to Defraud the United States, to Cause the Submission of False Claims, and to Pay Health Care Kickbacks

18 U.S.C. § 371

**\*Max. Penalty:** 5 years of imprisonment
==================================================================
Count: 2

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 10 years of imprisonment
==================================================================
Counts: 3-6

Submission of False Claims

18 U.S.C. § 287

**\*Max. Penalty:** 5 years of imprisonment as to each count
==================================================================
Count:



**\*Max. Penalty:**
==================================================================

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** Angel Rodriguez

**Case No:**

Count: 1

Conspiracy to Defraud the United States, to Cause the Submission of
False Claims, and to Pay Health Care Kickbacks

18 U.S.C. § 371

**\*Max. Penalty:** 5 years of imprisonment
================================================================
Count: 2

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 10 years of imprisonment
================================================================
Counts:


_____

_____

**\*Max. Penalty:**
================================================================
Count:


_____

_____

**\*Max. Penalty:**
================================================================

    **\*Refers only to possible term of incarceration, does not
include possible fines, restitution, special assessments,
parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** Sandra Mateos

**Case No:**

Count: 1

Conspiracy to Defraud the United States, to Cause the Submission of
False Claims, and to Pay Health Care Kickbacks

18 U.S.C. § 371

**\*Max. Penalty:** 5 years of imprisonment
=================================================================
Count: 2

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 10 years of imprisonment
=================================================================
Counts:

_____

_____

**\*Max. Penalty:**
=================================================================
Count:

_____

_____

**\*Max. Penalty:**
=================================================================

**\*Refers only to possible term of incarceration, does not
include possible fines, restitution, special assessments,
parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** Carmen Gonzalez

**Case No:**

Count: 1

Conspiracy to Defraud the United States, to Cause the Submission of
False Claims, and to Pay Health Care Kickbacks

18 U.S.C. § 371

**\*Max. Penalty:** 5 years of imprisonment
================================================================
Count: 2

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 10 years of imprisonment
================================================================
Counts:


**\*Max. Penalty:**
================================================================
Count:


**\*Max. Penalty:**
================================================================

**\*Refers only to possible term of incarceration, does not
include possible fines, restitution, special assessments,
parole terms, or forfeitures that may be applicable.**